**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Sasha Delores Veal, | Case No. 26-20184 (JJT) |
| Debtor. | Re: ECF Nos. 23, 54 |

**MEMORANDUM OF DECISION AND ORDER**
**DISMISSING CASE FOR FAILURE TO CURE DEFICIENCY**

On March 2, 2026, Sasha Delores Veal ("Debtor") filed a Chapter 13 voluntary petition. (ECF No. 1) The Debtor appeared at a hearing on April 23, 2026, where she explained that her primary goal in filing for relief under Chapter 13 was to stay an eviction proceeding that has already gone to judgment in the Superior Court. *See Fifteen Realty LLC v. Veal, Sasha et al*, HFH-CV25-6034263-S (Conn. Super. Ct. 2025).

On March 2, 2026, the Debtor filed a Motion to Extend Automatic Stay. (ECF No. 4) On March 13, 2026, the Debtor filed an Amended Motion to Extend Automatic Stay. (ECF No. 26) On April 23, 2026, this Court issued an Order Denying Amended Motion to Extend the Automatic Stay (ECF No. 26), explaining therein that the Debtor did not enjoy an automatic stay of a judgment of eviction and that the Debtor had not taken the requisite steps under the Bankruptcy Code to instate such a stay.

On March 13, 2026, the Debtor filed a Chapter 13 Plan. (ECF No. 23) On April 28, 2026, Roberta Napolitano, the Chapter 13 Trustee, filed an Objection to

Confirmation of Plan. (ECF No. 54) There, the Chapter 13 Trustee raised a number of objections to confirmation of the Plan, including that:

1. The Debtor has failed to maintain plan payments;

2. The Debtor has failed to provide the Trustee with necessary documentation to determine if the Plan is feasible or represents the Debtor's best efforts, including payment advices or other evidence of income, bank statements, tax returns, and documentation of the Debtor's identity and social security number;

3. The Debtor has failed to provide the Trustee with necessary documentation to determine if the Plan complies with 11 U.S.C. § 1325(a)(4);

4. The first meeting of creditors pursuant to Section 341 of the Bankruptcy Code has not been concluded because of the Debtor's failure to provide the necessary documentation;

5. The Plan fails to conform to the claims filed; and

6. The Debtor has not filed a Certificate of Service evidencing service of the Plan on all creditors as required by Rule 3015(d) of the Federal Rules of Bankruptcy Procedure.

On May 14, 2026, a hearing was held on the Chapter 13 Plan and the Objection. The Debtor did not appear. There, the Chapter 13 Trustee reported to the Court that the Debtor never made payments to the Chapter 13 Trustee and that the Debtor was delinquent by $354.00, representing two monthly payments; that the Chapter 13 Trustee had still not received the necessary documentation as detailed in the Objection; that the feasibility of the Plan therefore cannot be ascertained; and that the Plan does not conform to claims filed. The Chapter 13 Trustee further reported that she has been unable to reach the Debtor and that she is not confident that the Debtor wishes to continue the case.

Given the manifest deficiencies described above, confirmation of the Chapter 13 Plan is denied.

Furthermore, this Court concludes, based on the aforementioned facts and circumstances, that dismissal of this Chapter 13 case is warranted.

Dismissal is warranted under 11 U.S.C. § 1307(c)(4), as the Debtor has failed "to commence making timely payments under section 1326 of this title" to the Chapter 13 Trustee. Dismissal is also warranted under 11 U.S.C. § 1307(c)(5), as the Debtor's Chapter 13 plan has been denied and no request was made for additional time for the filing of another plan or modification of the plan.

Furthermore, in addition to those reasons stated above, dismissal is also warranted under 11 U.S.C. § 105(a) to prevent an abuse of process.

> . . . . [Section] 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105; *see also In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code."). Thus, Section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

*Id.* Among the actions that Courts can take under 11 U.S.C. § 105(a) to prevent abuse of the bankruptcy process is dismissal. *In re Tennant,* 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004) (citing *In re Meints*, 222 B.R. 870, 871–72 (D.Neb.1998); *In re Campbell*, 266 B.R. 709, 712 (Bankr.W.D.Ark.2001); *In re Greene*, 127 B.R. 805,

807–808 (Bankr.N.D.Ohio 1991); *In re Welling*, 102 B.R. 720, 722 (Bankr.S.D.Iowa 1989)). *See also In re Emiabata*, 642 B.R. 481, 483–84 (Bankr. D. Conn. 2022) (citing *In re G.L.A.D. Enterprises*, LLC, 19-50604, 2019 WL 5586962, at *4 (Bankr. D. Conn. Oct. 28, 2019) (Manning, J.)).

Having reviewed the totality of the facts and circumstances herein, the Court concludes that permitting the Debtor's bankruptcy case to continue would constitute an abuse of process. The Debtor has failed to comply with the Code in the filing of her Chapter 13 Plan, and in proceeding through this case. This case was filed over two months ago and the Debtor has yet to file a confirmable plan, prepare for and appear at the first meeting of creditors pursuant to 11 U.S.C. § 341, properly serve her creditors, and otherwise comply with the Bankruptcy Code.

Furthermore, the Court concludes that, given that the Debtor stated that her reason for filing for bankruptcy was to stay an eviction proceeding, and given that the Debtor was unable to secure such a stay of that proceeding, the Debtor has seemingly decided not to proceed with her petition, as evidenced by her failure to communicate with the Chapter 13 Trustee, her failure to appear in support of her Chapter 13 Plan, and her failure to make plan payments.

The Court concludes that permitting this case to persist, involving the waste of judicial resources and the resources of the Chapter 13 Trustee without the Debtor's apparent intention to proceed (or even appear), would constitute an abuse of process.

In light of these findings, the Chapter 13 Case is DISMISSED.

Accordingly, it is hereby

**ORDERED:** Confirmation of the Debtor's Plan is DENIED; and further it is

**ORDERED:** The Debtor's Chapter 13 Case is DISMISSED; and further it is

**ORDERED:** Upon dismissal, unpaid filing fees become due immediately. The amount due and owing is $156.50. The Debtor shall remit a cashier's check or money order in the amount of $156.50, payable to:

United States Bankruptcy Court
District of Connecticut
450 Main Street, 7th Floor
Hartford, CT 06103

Payment may also be made online at Pay.gov (https://pay.gov/public/form/start/73185821). Note that the court will not accept as payment the personal check or credit card of the person filing the petition. Payment by debit card may be made at any of the divisional offices.

IT IS SO ORDERED at Hartford, Connecticut this 26th day of May 2026.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut